Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| CARMEN LUZ MÁRTIR LÓPEZ Y OTROS<br><br>*Apelantes*<br><br>v.<br><br>ZIMMER BIOMET, INC. Y OTROS<br><br>*Apelados* | TA2025AP00338 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.:<br>MZ2020CV01247<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 4 de diciembre de 2025.

Comparece ante nos, la señora Carmen Luz Mártir López y la Sucesión Manuel Ángel Galarza Soto (en conjunto, parte apelante) mediante recurso de *Apelación* y nos solicita que revoquemos la *Sentencia*[1] emitida el 15 de julio de 2025[2] por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro apelado). Mediante el referido dictamen, el TPI desestimó la *Demanda*[3] con perjuicio, en cuanto a Bella Vista Hospital, INC. (Hospital Bella Vista) y al doctor Norberto Báez Ríos (Dr. Báez Ríos) (en conjunto, parte apelada).

Por los fundamentos que se exponen a continuación, **confirmamos** la *Sentencia* apelada.

## I.

El trasfondo fáctico y procesal del caso es el que en adelante se esboza. Adoptamos por referencia el trámite procesal del caso plasmado en la *Sentencia* emitida por un Panel hermano el 22 de

---

[1] Apéndice 166 del recurso de *Apelación*.
[2] Notificada el 16 de julio de 2025.
[3] Apéndice 1 del recurso de *Apelación*.

junio de 2023[4], en el caso con designación alfanumérica *KLAN202300278*[5]. Por tanto, nos circunscribimos a reseñar las incidencias procesales ocurridas con posterioridad.

Luego de que el Panel hermano desestimara la *Demanda* por prescripción en cuanto al Dr. Báez Ríos[6], el 29 de agosto de 2023, la parte apelante instó un *Recurso de Apelación*[7] ante el Tribunal Supremo. Así pues, el 11 de junio de 2024[8], el Máximo Foro emitió una *Sentencia*[9] en la cual revocó la decisión apelada, reinstaló la causa de acción en contra del Dr. Báez Ríos y devolvió el caso al TPI. Esto, debido a que, concluyó que el Dr. Báez Ríos no derrotó la presunción de que la carta fue entregada y que, en consecuencia, el término prescriptivo de la reclamación en su contra no expiró.

En vista de lo anterior, el 27 de junio de 2024, el Dr. Báez Ríos sometió *Contestación a la Demanda*[10] y arguyó que el tratamiento médico ofrecido tenía una presunción de corrección a su favor pues utilizó un grado razonable de cuidado. Asimismo, expuso que, en la alternativa, conforme nuestro estado de derecho, un médico tiene amplia discreción al momento de formar su juicio profesional en cuanto al diagnóstico y tratamiento médico aplicable a un caso en particular, constituyendo el error de juicio honesto y razonable en una defensa eximente de responsabilidad.

El 28 de agosto de 2024, la parte apelante y Zimmer Biomet Inc. (Zimmer) sometieron una moción conjunta de desistimiento voluntario con perjuicio[11]. Por su lado, el 30 de agosto de 2024, Hospital Bella Vista presentó una *Urgente Moción de Intervención en*

---

[4] Notificada el 23 de junio de 2023.
[5] Entrada 101 de SUMAC, *KLAN202101023*.
[6] Empero, la Jueza Cintrón Cintrón emitió un voto disidente. En éste, dispuso que: "[s]oy de la opinión que la parte Apelada no logro rebatir la presunción que provee las Reglas de Evidencia. Ante ello no hubiera desestimado la causa de acción incoada contra el Dr. Norberto Báez Ríos". *Íd.*, pág. 102.
[7] Entrada 115 de SUMAC, *Apelación radicada ante el Tribunal Supremo*.
[8] Notificada en igual fecha.
[9] Entrada 128 de SUMAC, *AC-2023-0072*.
[10] Apéndice 125 del recurso de *Apelación*.
[11] Apéndice 129 del recurso de *Apelación, Moción sobre Desistimiento*.

*cuanto a Moción de Desistimiento con Perjuicio*[12]. En la misma, alegó que, la moción de desistimiento presentada por la parte apelante y Zimmer no cumplía con la Regla 39.1(a)(2) de las de Procedimiento Civil[13], ya que no estaba firmada por todas las partes que habían comparecido en el pleito, por tanto, el TPI no debía acogerla. Transcurridos algunos días, el 3 de septiembre de 2024, el Dr. Báez Ríos radicó una moción uniéndose al planteamiento del Hospital Bella Vista[14].

Evaluada las posiciones de las partes, el 19 de septiembre de 2024, mediante *Resolución y Orden* el foro recurrido declaró:

> No ha lugar por el momento. Parte demandante, notifique a todas las partes el acuerdo de estipulación alcanzado con el codemandado Zimmer Biomet, Inc. Una vez notificado, acredítelo al Tribunal y se tomará en consideración el desistimiento con perjuicio por estipulación. Véase Fonseca v. Hosp. HIMA, 184 DPR 281 (2012) **Se conceden 5 días**. (Énfasis suplido).

Ese mismo día, la parte apelante radicó una *Moción Solicitando permiso para Demanda Enmendada (Regla 13 de Procedimiento Civil)*[15] en conjunto con la *Demanda Enmendada*[16]. En esta, se ampliaron las alegaciones de negligencia en cuanto al Dr. Báez Ríos y el Hospital Bella Vista. A raíz de ello, el 18 de octubre de 2024, Hospital Bella Vista sometió una *Moción de Desestimación y/o en Oposición a Moción solicitando Enmienda a Demanda*[17]. Allí argumentó que, si la enmienda a la *Demanda* alteraba radicalmente el alcance y la naturaleza del caso, convirtiendo la controversia original en tangencial, el permiso para concederla debía ser denegado. De igual forma, arguyó que, la causa de acción de mala práctica médica hospitalaria estaba prescrita. Pues los hechos

---

[12] Apéndice 130 del recurso de *Apelación.*
[13] 32 LPRA Ap. V, R. 39.1 (a)(2).
[14] Apéndice 131 del recurso de *Apelación, Moción Uniéndonos a Moción radicada por el Hospital Bella Vista en torno a Moción de Desistimiento con Perjuicio radicada por la Parte Demandante.*
[15] Entrada 135 de SUMAC.
[16] *Íd.*, Anejo *Demanda Enmendada.* Véase también, Apéndice 137 del recurso de *Apelación.*
[17] Apéndice 145 del recurso de *Apelación.*

alegados ocurrieron entre el 2 de mayo de 2019 al 8 de julio de 2019, fecha en que el paciente falleció, es decir, hace más de cuatro años. Mientras que, la *Demanda Enmendada* por alegada negligencia de mala práctica médico-hospitalaria fue presentada tres años y diez (10) meses después de la presentación de la *Demanda* original por defectos. Por su parte, el 22 de octubre de 2024, el Dr. Báez Ríos presentó una *Moción Uniéndonos a Moción radicada por el Hospital Bella Vista Entrada Núm. 145*[18].

Luego de la parte apelante haber presentado su réplica a las mociones de desestimación[19], el 28 de octubre de 2024[20], el TPI emitió una *Resolución*[21] en la cual determinó:

> Examinadas las alegaciones de la Demanda radicada en el 2020, la Demanda Enmendada y la Moción en Oposición presentada por el codemandado Dr. Norberto Báez, este Tribunal acoge los argumentos presentados en la Oposición y determina que las alegaciones presentadas por la parte demandante, son completamente nuevas y diferentes a aquellas presentadas en la demanda original radicada en el 2020. Se declara No ha Lugar la solicitud de Enmienda a la Demanda.

Inconforme con tal determinación, el 7 de noviembre de 2024, la parte apelante radicó *Moción en Oposición a la Desestimación y Reconsideración a la Demanda Enmendada*[22]. En esta, señaló que, en la alegación once (11) de la *Demanda* original, expresó que la cadena de eventos desde la intervención quirúrgica hasta el deceso del señor Galarza Soto estuvo bajo el dominio y control del Dr. Báez Ríos, médico que efectuó la intervención quirúrgica y bajo el dominio y control de Bella Vista Hospital Inc. Es por ello que, solicitó daños y perjuicios por los actos de negligencia e impericia de la parte apelada.

---

[18] Apéndice 146 del recurso de *Apelación*.
[19] Apéndice 147 del recurso de *Apelación, Réplica a Mociones*.
[20] Notificada en igual fecha.
[21] Apéndice 149 del recurso de *Apelación*.
[22] Apéndice 156 del recurso de *Apelación*.

Una vez evaluada la reconsideración, al día siguiente, el foro recurrido emitió y notificó una *Resolución Interlocutoria y Orden*[23] y dispuso lo siguiente:

> Se declara **No ha Lugar** la solicitud de reconsideración en torno a la presentación de la demanda enmendada. De otra parte, tomando en consideración la Oposición presentada y examinada la Moción de Desestimación del Hospital Bella Vista y la Moción de Desestimación del Dr. Norberto Báez, uniéndose a los fundamentos presentados por el Hospital Bella Vista **resolvemos No Ha Lugar la solicitud de Desestimación en esta etapa de los procedimientos**. Nótese que la desestimación [está] basada en el supuesto de que la parte demandante se hubiese percatado de que no tenía causa de acción contra Zimmer Biomet, Inc. y por ello había solicitado el desistimiento y posterior enmienda a la demanda. No [habiéndose] autorizado el desistimiento por este Tribunal y tampoco [habiéndose] autorizado la demanda enmendada, el caso [permanece] bajo las [mismas] alegaciones de la demanda original. Corresponde a la parte demandante probar las alegaciones que dieron base a su demanda, inclusive aquellas presentadas contra Zimmer Biomet, Inc. y la alegada responsabilidad solidaria de los codemandados. No se autoriza el desistimiento contra Zimmer Biomet, Inc. **Se concede hasta el 10 de diciembre de 2024 para que la parte demandante conteste el descubrimiento de prueba** cursado por el Hospital Bella Vista, bajo el apercibimiento de severas sanciones económicas ante el incumplimiento de la orden impartida. (Énfasis suplido).

El 21 de noviembre de 2024, Hospital Bella Vista sometió *Moción de Reconsideración*[24] pues entendió que procedía la desestimación por razón de la falta de jurisdicción sobre la materia. Zimmer, por su parte, el 25 de noviembre de 2024, presentó *Moción de Reconsideración y en Solicitud de Orden*[25]. Allí argumentó que, la documentación presentada durante el proceso de descubrimiento de prueba reflejó de manera clara e indiscutible que no tenían responsabilidad alguna en los hechos que originaron la *Demanda*. En consecuencia, mantenerlos en el pleito no solo resultaba innecesario, sino que también contravenía con los principios de eficiencia procesal y economía judicial.

---

[23] Entrada 157 de SUMAC.
[24] Apéndice 160 del recurso de *Apelación.*
[25] Apéndice 161 del recurso de *Apelación.*

Así las cosas, el 15 de julio de 2025[26], el TPI emitió una *Sentencia*[27] y dictaminó que:

> [A]tendida la moción de reconsideración de la moción dispositiva presentada por la parte codemandada, Bella Vista Hospital, Inc. y Dr. Norberto Báez Ríos, la misma se declara **HA LUGAR**, y se dicta Sentencia de desestimación y archivo de la demanda con perjuicio, en cuanto a Bella Vista Hospital y Dr. Norberto Báez Ríos, Inc.
>
> Finalmente, se acoge el desistimiento con perjuicio en cuanto a la parte codemandada Zimmer Biomet Inc. (entrada 129 SUMAC) y se ordena el archivo sin perjuicio en cuanto a los codemandados Corporación Fulana de Tal, Corporación Juan Del Pueblo, A, B y C de conformidad a lo dispuesto en la Regla 4.3 de las de Procedimiento Civil, ya que los emplazamientos fueron expedidos el 22 de diciembre de 2020 y no fueron diligenciados. (Énfasis suplido).

Insatisfecha, el 28 de julio de 2025, la parte apelante radicó *Moción de Reconsideración y Determinaciones de Hechos Adicionales*[28]. Las determinaciones de hechos que se solicitaron fueron los siguientes:

> a. Los hechos que dan motivo a esta reclamación se retrotraen a mayo de 2019. La demanda fue radicada por los demandantes en noviembre de 2020. Al momento de radicar la demanda, la parte demandante no contaba con un informe pericial. De los hechos indicados por el Honorable Tribunal no se desprende que había comenzado el descubrimiento de prueba; y que el Tribunal le ordenó a la parte demandante que tenía que informar el nombre de perito y rendir el informe pericial.
>
> b. La parte demandante cumplió con la orden emitida e informó el nombre del perito a las partes. Dicho informe surge que Zimmer Biomet Inc., no había cometido ningún acto de negligencia por acción u omisión.
>
> c. La parte Demandante sometió una Moción de Desistimiento con perjuicio contra dicho codemandado y solicita permiso para enmendar la demanda. Zimmer Biomet Inc., radica moción allanándose al desistimiento sin reclamación de costas ni honorarios de abogado. Todo esto surge de las mociones [radicadas] en SUMAC y de la sentencia emitida por el Tribunal. Sin embargo, no se incluye estos hechos como determinaciones de hechos en la sentencia.
>
> d. El Honorable Tribunal tampoco incluye hechos alegados en la demanda originalmente radicada por los demandantes; específicamente la alegación 11 y 12:
>
> Alegación 11; "La cadena de eventos desde la intervención quirúrgica hasta el deceso del Sr. Manuel A. Galarza Soto estuvieron bajo el dominio y control del Médico que intervino [en] la cirugía y bajo el dominio y control del Hospital Bella Vista.

---

[26] Notificada el 16 de julio de 2025.
[27] Apéndice 166 del recurso de *Apelación*.
[28] Apéndice 168 del recurso de *Apelación*.

Alegación 12; Esta cadena de eventos que comenzó con la instalación de la prótesis, la posterior inspección, daños del riñón y otros órganos y posteriormente el deceso fueron causados por la culpa y/o negligencia de los demandados...”[29].

Asimismo, basaron su reconsideración en que, según de las alegaciones once (11) y doce (12) de la *Demanda* original solicitadas como hechos adicionales, las mismas establecían la alegación de negligencia; la obligación de darle un tratamiento adecuado bajo las mejores prácticas de la medicina, tanto del médico tratante como del Hospital una vez tenían la custodia física del paciente. Además, enfatizaron que, no es que Hospital Bella Vista y el Dr. Báez Ríos, no supieran de la negligencia, al contrario, ellos tenían conocimiento de la negligencia que habían cometido al no darle el tratamiento adecuado. Por tal razón, la parte apelante esbozó que con la enmienda a la *Demanda* lo único que se pretendió era informarle al Dr. Báez Ríos y al Hospital Bella Vista en que consistió específicamente la negligencia, para que ellos pudieran hacer el descubrimiento de prueba y prepararse adecuadamente. Por su parte, el 11 de agosto de 2025, Hospital Bella Vista presentó *Moción en Oposición a Moción de Reconsideración y Determinaciones de Hechos Adicionales*[30].

El 18 de agosto de 2025[31], el foro recurrido emitió una *Resolución*[32] en la cual declaró *No Ha Lugar* la moción de reconsideración presentada por la parte apelante. Inconformes aun, el 15 de septiembre de 2025, la parte apelante acudió a este foro intermedio mediante recurso de *Apelación* y señaló la comisión de los siguientes errores:

1. ¿Erró el TPI al no permitir la enmienda a la demanda por hechos que surgen del descubrimiento de prueba?

2. ¿Erró el TPI, al desestimar la demanda basada en la Regla 10.2 de Procedimiento Civil, sin haberle dado la oportunidad

---

[29] *Íd.*, págs. 2-3.
[30] Apéndice 170 del recurso de *Apelación.*
[31] Notificada el 19 de agosto de 2025.
[32] Apéndice 171 del recurso de *Apelación.*

a la parte demandante de culminar el descubrimiento de prueba?

Así pues, el 17 de octubre de 2025, Hospital Bella Vista presentó *Moción Solicitando Desestimación de Apelación*[33]. En la misma alegó lo siguiente:

> [D]e lo que recurre la parte demandante en su Apelación, y presentó la solicitud de reconsideración y de determinaciones de hechos adicionales el 28 de julio de 2025, no es de un asunto sustancial o pertinente que resuelve la Sentencia ni un asunto sustancial y/o pertinente para una solicitud de reconsideración y de determinaciones de hechos adicionales que presentó el 28 de julio de 2025 de la Sentencia del HTPI, sino de un asunto de la denegatoria de una solicitud de enmienda a demanda resuelta por el HTPI en el año 2024. Por tanto, la parte apelante no presentó apelación dentro del término jurisdiccional y las mociones de reconsideración y de determinaciones de hechos adicionales, no interrumpieron el término para apelar[34].

Es por lo anterior que, solicitó la desestimación del recurso por carecer de jurisdicción. Por su parte, ese mismo día, el Dr. Báez Ríos sometió una moción uniéndose a la desestimación presentada por el Hospital Bella Vista[35].

Ahora bien, luego de que la parte apelada solicitara un término adicional, el 29 de octubre de 2025, Hospital Bella Vista presentó su alegato en oposición. Ese mismo día, el Dr. Báez Ríos sometió *Moción uniéndose al Alegato del Codemandado Hospital Bella Vista, Inc. y/o Solicitando Prórroga*. La parte apelada reiteró que, la prescripción, era materia sustantiva, no procesal. Por ende, alegó que la causa de acción por mala práctica médica hospitalaria y bajo la teoría cognoscitiva del daño estaba prescrita. Asimismo, adujo que, el permitir la causa de acción por mala práctica médica hospitalaria causaría perjuicio.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

---

[33] Entrada 9 del expediente del Tribunal de Apelaciones.
[34] *Íd.*, pág. 2.
[35] Entrada 10 del expediente del Tribunal de Apelaciones.

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias[36]. A saber, ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia[37]. Dado que un foro judicial no puede asumir discrecionalmente jurisdicción donde no la hay, el primer factor que debe considerar al evaluar una situación jurídica es el aspecto jurisdiccional[38]. Ello, debido a que los foros judiciales estamos llamados a ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos jurisdiccionales son privilegiados y se atienden con prioridad[39]. Cuando un tribunal carece de jurisdicción para intervenir en un asunto, procede que inmediatamente desestime el recurso apelativo, sin entrar en los méritos de la controversia[40].

Por otro lado, es menester enfatizar que un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia[41].

Referente a la controversia que nos ocupa, la Regla 52.1 de Procedimiento Civil[42], dispone que "[t]odo procedimiento de apelación, *certiorari*, certificación y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la Ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico". Dichas normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente[43].

Cónsono con lo anterior, la Regla 32 (C) del Reglamento del Tribunal de Apelaciones[44], establece el término para presentar un

---

[36] *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023).
[37] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).
[38] *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).
[39] *Íd.*
[40] *Torres Alvarado v. Madera Atiles, supra*, pág. 501.
[41] *Torres Martínez v. Torres Ghigliotty*, 175 D.P.R. 83, 98 (2008).
[42] 32 LPRA Ap. III, R. 52.1.
[43] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).
[44] Regla 32(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

recurso de *certiorari* cuando se trata de revisar cualquier otra resolución u orden:

> El recurso de certiorari para revisar cualquier otra resolución, orden o dictamen revisable por esta vía de conformidad con la ley, incluida una orden de protección, así como revisar una sentencia final producto de una solicitud de revisión de un laudo de arbitraje del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud **dentro de los treinta días** siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. **Este término es de cumplimiento estricto**[45]. (Énfasis nuestro).

La jurisprudencia ha sido clara y abundante en cuanto a qué constituye cumplimiento estricto. Sobre este particular, nuestro Tribunal Supremo ha señalado que éstos, contrario a los jurisdiccionales, se pueden observar tardíamente si existe y se demuestra adecuada y oportunamente justa causa para la dilación.

Por otra parte, en cuanto al contenido de la apelación, la Regla 16 (C) (1) del Reglamento del Tribunal de Apelaciones[46], indica que el escrito contendrá un cuerpo que, incluirá lo siguiente:

> (a) En la comparecencia, el nombre de las partes apelantes.
>
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.
>
> (c) Una referencia a la sentencia cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó y la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el escrito de apelación. La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.
>
> (d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.
>
> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.

---

[45] *Íd.*

[46] Regla 16 (C) (1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).

**(f) Una discusión de los errores señalados, incluso las disposiciones de ley y la jurisprudencia aplicables**. (Énfasis nuestro).

A saber, la norma reglamentaria antes reseñada ordena que en el escrito de apelación civil se señale, discute y fundamente los errores que se le imputan al Tribunal de Primera Instancia[47]. De lo contrario, este foro apelativo estará impedido de considerar los errores planteados[48]. Esto, toda vez que para que este tribunal esté en posición de decidir correctamente los casos, debe contar con un expediente completo y claro de las controversias que tiene ante sí[49]. En tal sentido, el apelante tiene la obligación de perfeccionar el recurso de acuerdo con las leyes y el Reglamento del Tribunal de Apelaciones, y de colocar a este Tribunal en posición de aquilatar y justipreciar el error planteado[50]. "**[E]l craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo**"[51]. (Énfasis nuestro).

### III.

La parte apelante argumentó en su escrito que el foro apelado cometió dos (2) errores, en síntesis, al no permitir la enmienda a la *Demanda* por hechos que surgen del descubrimiento de prueba y al desestimar la misma al amparo de la Regla 10.2 de Procedimiento Civil sin haberle dado la oportunidad de culminar el descubrimiento de prueba. Adelantamos que el foro apelado no incidió, veamos.

Referente al primer señalamiento de error, el 19 de septiembre de 2024, la parte apelante radicó una *Moción Solicitando Permiso para Demanda Enmendada (Regla 13 de Procedimiento Civil).* Evaluada tal solicitud, el 28 de octubre de 2024, el foro apelado

---

[47] *Ortiz v. Holsum*, 190 DPR 511, 526 (2014).
[48] *Íd.*
[49] *Soto Pino v. Uno Radio Group, supra*, pág. 90.
[50] *Morán v. Martí*, 165 DPR 356, 366 (2005).
[51] *Íd.*

declaró *No Ha Lugar* la solicitud para enmendar la *Demanda*. Inconforme, el 7 de noviembre de 2024, la parte apelante presentó reconsideración a la determinación del TPI. No obstante, al día siguiente, el foro apelado declaró *No Ha Lugar* la reconsideración presentada por la parte apelante. Transcurrido algún tiempo, el 28 de julio de 2025, la parte apelante sometió una *Moción de Reconsideración y Determinaciones de Hechos Adicionales*. Allí la parte apelante volvió a solicitar reconsideración para enmendar la *Demanda*.

Ahora bien, como bien señalamos en el tracto procesal, Hospital Bella Vista presentó *Moción Solicitando Desestimación de Apelación*[52]. En la misma alegó lo siguiente:

> [D]e lo que recurre la parte demandante en su Apelación, y presentó la solicitud de reconsideración y de determinaciones de hechos adicionales el 28 de julio de 2025, no es de un asunto sustancial o pertinente que resuelve la Sentencia ni un asunto sustancial y/o pertinente para una solicitud de reconsideración y de determinaciones de hechos adicionales que presentó el 28 de julio de 2025 de la Sentencia del HTPI, sino de un asunto de la denegatoria de una solicitud de enmienda a demanda resuelta por el HTPI en el año 2024. Por tanto, la parte apelante no presentó apelación dentro del término jurisdiccional y las mociones de reconsideración y de determinaciones de hechos adicionales, no interrumpieron el término para apelar[53].

Evaluado tal planteamiento, colegimos que le asiste la razón al Hospital Bella Vista. Como bien esbozamos en la exposición del derecho, la Regla 32 (C) del Reglamento del Tribunal de Apelaciones, *supra*, establece un término estricto de treinta (30) días para presentar un recurso de *certiorari* cuando se trata de revisar cualquier resolución u orden. En el recurso presentado, la parte apelante recurre de una *Sentencia* que no aborda la controversia de la *Demanda Enmendada*. Esto, debido a que el TPI, le dio finalidad al asunto el 8 de noviembre de 2024 cuando declaró *No Ha Lugar* la solicitud de reconsideración para enmendar la *Demanda*.

---

[52] Entrada 9 del expediente del Tribunal de Apelaciones.
[53] *Íd.*, pág. 2.

Es decir, a partir del 8 de noviembre de 2024, la parte apelante tenía hasta el 9 de diciembre de 2024 para presentar un recurso de *certiorari* ante este foro apelativo y así poder revisar la *Resolución* que declaró *No Ha Lugar* la solicitud para enmendar la *Demanda*. No obstante, la parte apelante optó por dejar que el tiempo transcurriera y el 28 de julio de 2025 someter una *Moción de Reconsideración y Determinaciones de Hechos Adicionales*. Expresado lo anterior, no podemos llegar a otra conclusión que no sea que carecemos de jurisdicción para atender la controversia de la solicitud de la *Demanda Enmendada*. Toda vez que, la parte apelante presentó de forma tardía el recurso ante nuestra consideración en cuanto al primer error esbozado. Por ende, colegimos que no le asiste la razón a la parte apelante en cuanto a que el TPI incidió en el primer error al no permitir que se enmendara la *Demanda*.

En cuanto al segundo error, la parte apelante arguyó que el TPI erró al desestimar la misma al amparo de la Regla 10.2 de Procedimiento Civil sin haberle dado la oportunidad de culminar el descubrimiento de prueba. Sin embargo, luego de hacer un análisis sosegado de la discusión del segundo error en el recurso presentado ante este foro intermedio, nos percatamos que la parte apelante no discutió en qué consistía el error.

Recordemos que, la Regla 16 (C) (1) (f) del Reglamento del Tribunal de Apelaciones[54], dispone que el cuerpo de una apelación tiene que contener "una discusión de los errores señalados, incluso las disposiciones de ley y la jurisprudencia aplicables". Nuestro reglamento es claro, y en el caso de autos, la parte apelante se limitó a relatar una relación sucinta de los eventos que desencadenaron la

---

[54] Regla 16 (C) (1) (f) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 32, 215 DPR __ (2025).

*Sentencia* apelada, sin entrar en una discusión basada en derecho. En tal sentido, la parte apelante tenía la obligación de perfeccionar el recurso de acuerdo con las leyes y el Reglamento del Tribunal de Apelaciones, y de colocar a este Tribunal en posición de aquilatar y justipreciar el error planteado. Recordemos que, "**[e]l craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo**"[55]. (Énfasis nuestro).

Toda vez que, para que este tribunal estuviera en posición de decidir correctamente el caso ante nuestra consideración, debía contar con un expediente completo y claro de las controversias que tenía ante sí. Por consiguiente, al no contar con lo antes mencionado, carecemos de jurisdicción para considerar segundo el error planteado.

### IV.

Por los fundamentos antes expuestos, ***confirmamos*** la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[55] *Morán v. Martí, supra*, pág. 366.